UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-101-WGH-RLY |
| | ) | |
| GIL PETERS, SUPERINTENDENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Partial Motion to Dismiss filed July 19, 2011. (Docket Nos 70-71).[1] Plaintiff filed a Response on August 1, 2011. (Docket Nos. 73-74).

**Background and Procedural History**

On July 31, 2009, the Plaintiff, Anthony L. Smith, filed his original Complaint in this case. Plaintiff filed a Motion to Amend Complaint to add additional defendants on October 13, 2009. On December 2, 2009, the court granted the Motion to Amend Complaint, but also dismissed Plaintiff's suit in its

---

[1]On November 28 and December 5, 2011, the parties consented to Magistrate Judge jurisdiction. (Docket Nos. 82-83). Chief U.S. District Judge Richard L. Young entered an Order of Reference on December 5, 2011. (Docket No. 84).

entirety for failure to state a claim. The Seventh Circuit then, on February 10, 2011, reversed and remanded, finding that the suit should not have been dismissed in its entirety because Plaintiff had stated claims for relief under the First and Eighth Amendments to the U.S. Constitution.

Defendants filed the instant Partial Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that: (1) all claims against all Defendants in their official capacity must be dismissed; (2) Plaintiff's claim for injunctive relief is moot because he has been transferred to a different facility; (3) Plaintiff's original Complaint makes no specific allegations against Defendants Edwin Buss, Shannan Sturgeon, Craig George, Terry Shreve, Chris Mitchell, Kenneth Elder, Paula Mitchell, and Sandra Richard, and Plaintiff's Complaint must be dismissed as to those Defendants; (4) the Complaint fails to state a claim against Defendant Richard Newton because the denial of Plaintiff's grievance does not give rise to a separate cause of action; and (5) the Complaint fails to state a claim against Defendant Superintendent Gil Peters because there is no respondeat superior liability under Section 1983.

After Defendants filed their Partial Motion to Dismiss, Plaintiff responded by conceding that his motion for injunctive relief was now moot since he had been transferred to a different facility, but he also pointed out that he had filed an Amended Complaint which Defendants' Partial Motion to Dismiss failed to address. This Magistrate Judge then conducted a status conference with the

parties in which they were able to resolve some of the issues raised in Defendants' Partial Motion to Dismiss. Plaintiff has conceded that he is now only pursuing Eighth Amendment claims against Defendants Gil Peters, Richard Newton, and Tammie Pope. He is also pursuing First Amendment/retaliation claims against Defendants Paula Mitchell, Craig George, and Chris Mitchell. Consequently, the only outstanding issues concerning Defendants' Partial Motion to Dismiss are: (1) whether all official capacity claims must be dismissed; (2) whether the claim against Defendant Richard Newton must be dismissed because it is based on the denial of a grievance; and (3) whether the claim against Defendant Gil Peters must be dismissed because there is no respondeat superior liability under Section 1983. Having examined the relevant legal authorities as well as the arguments of the parties, the court concludes that Defendants' Partial Motion to Dismiss must be **GRANTED.**

**Legal Standard**

When reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat/ Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). When ruling on a motion to dismiss, a court generally should only consider the complaint's allegations. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (citation omitted).

## Analysis

### A. All of Plaintiff's Official Capacity Claims must be Dismissed

As Plaintiff has conceded, his claims against all Defendants for injunctive relief must be denied as moot because he has since been transferred to a different facility. Without the claims for injunctive relief, Plaintiff's claims against all Defendants in their official capacity must be dismissed. This is the case because state prison officials "are immune from suit under § 1983 for monetary damages in their official capacities" pursuant to the Eleventh Amendment to the U.S. Constitution. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011)(citing *Brown v. Budz*, 398 F.3d 904, 917–18 (7th Cir. 2005)). Therefore, to the extent that Plaintiff's Complaint and Amended Complaint

include claims against Defendants in their official capacity, those claims are **DISMISSED.**

### B. Plaintiff's Claims Against Defendant Richard Newton

Plaintiff's claims are based on his assignment to a particular job while incarcerated at the Branchville Correctional Facility ("Branchville") within the Indiana Bureau of Prisons. Plaintiff claims that his assignment to the stump crew with no training, no protective gear, and no gloves in freezing temperatures was cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff also claims that some of the Defendants retaliated against him for complaining about the assignment in violation of the First Amendment. Plaintiff alleges that Defendant Richard Newton ("Newton") was responsible for administering the prisoner grievance process at Branchville. Plaintiff alleges that Newton is liable because Newton, as the administrator of the grievance process, knew about Plaintiff's assignment to the stump crew and knew about the allegations of retaliation, but did nothing to stop the treatment that Plaintiff was enduring. These allegations against Newton do not give rise to a claim. The Seventh Circuit has explained that a prison official who is part of the grievance process is not responsible for constitutional violations that he learns of but fails to correct. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* Defendants' Partial Motion to Dismiss all claims against Newton is **GRANTED.**

### C. Plaintiff's Claims Against Defendant Gil Peters

Finally, Defendants seek dismissal of all claims against Defendant Gil Peters ("Peters") who is the Superintendent at Branchville. Plaintiff alleges that Peters is liable because he was made aware of Plaintiff's allegations by being sent copies of Plaintiff's letters throughout the grievance process and that Peters failed to intervene. However, as the Seventh Circuit has explained:

> There is no respondeat superior liability under § 1983; a plaintiff must demonstrate that supervisory officials are personally responsible for alleged deprivations. Supervisory officials may be personally responsible for the constitutional torts of their subordinates only if the official knows of and facilitates, approves, condones, or turns a blind eye to the conduct.

*Thomas v. Knight*, 2006 WL 2457203 at *4 (7th Cir. 2006)(internal citations omitted). Furthermore, a prisoner's letter to the prison superintendent is not sufficient to demonstrate that the superintendent was personally aware of any constitutional violations. *Id.* a *5. Consequently, Defendants' Partial Motion to Dismiss all claims against Defendant Peters is **GRANTED.**

### Conclusion

For the reasons outlined above, Defendants' Partial Motion to Dismiss is **GRANTED.** All claims against Defendants in their official capacity are **DISMISSED.** All claims against Defendants Newton and Peters are also **DISMISSED.** No partial final judgment shall issue at this time as to the claims resolved in this Order.

The **TELEPHONIC STATUS CONFERENCE** currently set in this matter on June 13, 2012, at 8:30 a.m., Evansville time (CDT), before Magistrate Judge Hussmann, is **CONFIRMED.**

**SO ORDERED.**

**Dated:** January 27, 2012

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

John Andrew Goodridge
John Andrew Goodridge Law Office
jagoodridge@att.net

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov